UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN BUCHTEL,

    Plaintiff,

v.                                        CAUSE NO. 3:25-CV-498 DRL-SJF

NOBLE COUNTY JAIL *et al.*,

    Defendants.

## OPINION AND ORDER

Brian Buchtel, a prisoner without a lawyer, filed a complaint against four defendants asserting he was denied constitutionally adequate medical care for his broken hand. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Buchtel alleges that, on October 23, 2023, when he was housed at the Noble County Jail, he broke his hand. ECF 2 at 2. He asserts Nurse Pam, the lead nurse, examined his hand and agreed it was broken. *Id*. However, the following day, she decided x-rays should be taken, which showed his hand was not broken. *Id*. He was told his hand would be observed to determine if it swelled up more before anything else

would be done. *Id*. Because his hand began to swell up, additional x-rays were taken, which indicated his hand was broken, his thumb was dislocated, and his knuckles were shattered. *Id*. An appointment was then made for Mr. Buchtel to have a cast put on his hand, but the appointment was rescheduled due to his son's funeral. *Id*. He asserts he did not receive treatment for his hand until November 28, 2023, which was thirty-five days after he had broken it. *Id*. His treatment entailed being given a splint instead of a cast. *Id*. He asserts his hand does not work correctly and he has been told it needs to be rebroken or he could end up disabled. *Id*. at 2-3.

Because Mr. Buchtel was a pretrial detainee when the events occurred in this case, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and quotations omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

"[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Mr. Buchtel initially sues the Noble County Jail. However, the jail is a building, not a "person" or policymaking body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because the Noble County Jail is not a suable entity, he may not proceed here.

Mr. Buchtel next sues Nurse Pam. He asserts she initially agreed his hand was broken but later told him x-rays needed to be taken to diagnose his condition. The initial set of x-rays indicated his hand was not broken, but a second set of x-rays showed his hand was broken, his thumb was dislocated, and his knuckles were shattered. Here, Nurse Pam's actions in ordering x-rays and evaluating his hand were not objectively unreasonable given the circumstances. After it was determined that his hand was broken, an appointment was made for him to have a cast placed on his hand. Though he asserts it took thirty-five days for him to receive treatment for his hand, he does not allege Nurse Pam caused the delay. Therefore, Mr. Buchtel has not plausibly alleged a Fourteenth Amendment claim against Nurse Pam.

Mr. Buchtel has also sued Max Weber and Doctor.[1] However, other than listing them in the caption of the case, he never mentions them in the body of his complaint. Here, Mr. Buchtel does not describe how Mr. Weber or Doctor were personally involved in his medical care or decisions regarding his medical care. *See Burks v. Raemisch*, 555 F.3d

---

[1] Mr. Buchtel does not provide the name of the doctor he is suing and lists him as Doctor in the caption of his case.

592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Therefore, Mr. Buchtel's allegations are too vague and lacking in necessary detail to state claims against these two defendants.

This complaint does not state a claim for which relief can be granted. If Mr. Buchtel believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Brian Buchtel until **March 10, 2026** to file an amended complaint; and

(2) CAUTIONS Brian Buchtel if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 6, 2026                              *s/ Damon R. Leichty*
                                              Judge, United States District Court